IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER CZEREMCHA, <br><br> **Plaintiff** <br><br> v. <br><br> DELTA AIRLINES INC., *et al.,* <br><br> **Defendants.** | **CIVIL NO.** 12-1123(JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

On February 22, 2012, Plaintiff Peter Czeremcha ("Plaintiff") filed, *pro se*, a "Request for Entry of Default" against Defendants Delta Airlines Inc. ("Delta") and Richard H. Anderson, Delta's CEO (collectively "Defendants"). (Docket No. 1). Therein, Plaintiff attached an affidavit in which he outlined the reasons for which he believes default should be entered against Defendants. (Id.).

Defendants then moved the Court to order Plaintiff to file a more definite statement of his claim. (Docket No. 8). The Court granted this request, (Docket No. 11), and Plaintiff complied with the Court's order, (Docket No. 14). Defendants then moved to dismiss under FED. R. CIV. P. 12(b)(1) and (6), (Docket No. 17); Plaintiff responded, (Docket No. 19); and

Defendants replied, (Docket No. 21). For the reasons that
follow, the Court **DENIES** Defendants' Rule 12(b)(6) motion, and
**GRANTS** their request for dismissal under Rule 12(b)(1).

### DISCUSSION

Request for Entry of Default

Before addressing the pending Motion to Dismiss, the Court
will first consider Plaintiff's request for default entry.
Although Plaintiff is accorded some latitude given his *pro se*
status, he is not excused from compliance with relevant
procedural and substantive rules. Eagle Eye Fishing Corp. v.
U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); see
also McKaskle v. Wiggins, 465 U.S. 168, 183-184
(1984)(explaining that courts need not "take over chores for a
pro se defendant that would normally be attended to by trained
counsel as a matter of course").

The Court finds that Plaintiff's motion for default entry
fails because it does not comply with the Rules that "govern the
procedure in all civil actions and proceedings" in district
courts. FED. R. CIV. P. 1. Plaintiff's opening move in this case
was his "Request for Entry of Default" under FED. R. CIV. P.
55(a). Rule 55(a) states that "[w]hen a party against whom a
judgment for affirmative relief is sought has failed to plead or

**CIVIL NO.** 12-1123(JAG)                                                          3

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Id. Plaintiff avers that Defendants failed to respond to several documents he sent regarding a debt Defendants allegedly owe to Plaintiff.[1] But the Rules do not allow a plaintiff to request entry of default on the basis of what amounts to an extrajudicial claim of debt.

The Rules of Civil Procedure contemplate only "one form of action – the civil action." FED. R. CIV. P. 2. Pursuant to FED. R. CIV. P. 3, a "civil action is commenced by filing a complaint with the court." Only after filing the complaint may summons be issued. See FED. R. CIV. P. 4(b). Rule 55(a), on which Plaintiff grounds his request for default, presumes that a civil action is pending before the Court, that the defendant in said action has been properly served with the complaint, and that the defendant has "failed to plead or otherwise defend" against that request for affirmative relief. But no such complaint had been filed

---

[1] Specifically, Plaintiff "relies upon the record, APPOSTILE NO. 30833; Certificate of Assent; Affidavit no. 45983 in support of Default with the Sum Certain amount of $121,475.84 […] and Perfected Security Agreement no. RE776507012US, Declaration by Affidavit, in Support, no. 45912 (herein: Contract) herein filed in this case…." (Docket No. 1 ¶ 2, copied *verbatim*). No matter how much legalese Plaintiff has managed to conjure up in these documents, the fact remains that these do not represent a proper complaint filed before this Court.

CIVIL NO. 12-1123(JAG)                                                     4

prior to the request for default entry. Accordingly, Plaintiff's

request for entry of default is premature and therefore **DENIED.**


The Motion to Dismiss


     Pursuant to this Court's order, Plaintiff filed a more

definite statement of his claim, which the Court will construe

as his first actual complaint. There, Plaintiff stated that he

was a Delta employee for 16 years, and he retired in November of

1988. (See Docket No. 14, ¶ 4). Plaintiff claims he was a

beneficiary to a pension plan which was supposed to pay $183.56

per month, starting on September 1, 1998. (Id.; see also Id. at

¶ 24). Plaintiff, however, did not start receiving those

payments until July 1, 2003. (Id.). In short, Plaintiff's

grievance is that Delta's retirement plan owes Plaintiff 58

months of benefit payments that have not been paid.

     In an attempt to resolve his dispute, Plaintiff sent Delta

various notices, creatively titled,[2] requiring Delta to answer

his claims and counter them with "material fact of evidence that

said pension checks were actually issued and mailed to

plaintiff's mail location." (Id. at ¶ 4, copied *verbatim*).

Defendants, however, did not respond. As a result, Plaintiff

---

[2] E.g., "Notice of Dispute and conditional acceptance for Value";
"Notice of Fault and Default"; "Opportunity to Cure Default";
"self-executing Implied Contract"; "Security Agreement"; etc.
(Docket No. 14, ¶ 4, copied *verbatim*).

CIVIL NO. 12-1123(JAG)                                                    5

contends that Defendants have, "by tacit agreement," fully acquiesced to pay $181,210.71 in damages and interest accrued (at a rate of 25% per year) for the alleged failure to satisfy the $10,646.48 in outstanding pension payments. (Docket No. 18 at p. 1, n.1).

Based on the above, Plaintiff brings two causes of action; one for negligence and the other for breach of contract. However, Plaintiff fails to specify under which federal or state law those claims are brought. Defendants argue that Plaintiff's claims should be dismissed because they relate to an ERISA plan. As such, Defendants posit that 1) any possible state-law claims are pre-empted; and 2) Plaintiff has not pled that he exhausted administrative remedies as required by that statute. The Court agrees.

From the pleadings, it is clear that Plaintiff's claims revolve around his dispute with Delta regarding his retirement benefits; more specifically, the monthly "pension payments" under Delta's retirement plan. (See Docket No. 14 at ¶ 24). This is corroborated by a copy of Delta's Retirement Plan (the "Plan") submitted by Defendants along with their Motion to Dismiss. (Docket No. 17, attachments 2-4).[3] As stated by

---

[3] Normally, materials outside the pleadings are not to be considered in assessing a motion to dismiss. Citing Gargano v.

CIVIL NO. 12-1123(JAG)                                                    6

Plaintiff, his failure to receive those pension checks is the

"[o]rigin of the subject matter for this complaint." (Docket No.

14 at ¶ 4). The Plan submitted by Defendants contains, as one of

the  payment  options,  a  "single  life  annuity  option"  that

entitles beneficiaries to "monthly payments." (See Docket No.

17-4  at  p.  12).  The  basic  benefit  formula  describes  the

resulting payments from the Plan as a "monthly pension." (Id. at

p.  7).  Therefore,  it  is  clear  that  Plaintiff's  claims  are

grounded on Delta's Retirement Plan.[4]

---

Liberty Intern. Underwriters, Inc., 572 F.3d 45 (1st Cir. 2009),
Defendants   argue   that   since   the   documents   attached   "are
referenced generally in the Complaint," they may be considered
at this stage. (Docket No. 17 at n.4). Upon comparison of the
complaint with the documents submitted by Co-Defendants, the
Court  finds  that  the  complaint  indeed  makes  substantial  and
general  reference  to  Delta's  retirement  plans;  moreover,  the
documents submitted are also arguably "central to [P]laintiff's
claim." Gargano, 572 F.3d at 48 n. 1. Thus, the Court is
satisfied that these may be considered at this juncture.
[4] Plaintiff denies that his claims are brought under Delta's
retirement plans. (See Docket No. 18, p. 2 at n. 2). Instead,
Plaintiff  asserts  he  is  owed  the  pension  amounts  under  a
"Security Agreement/Contract" created by Defendants' failure to
respond to his demands. (Id.). This is absurd. As Defendants
correctly note: "[n]othing in ERISA permits a party to 'create'
a 'Security Agreement' by sending demands for pension benefits,
interest and penalties and then 'asserting' that the failure to
expressly  respond  to  that  creates  a  'contract  by  silence.'"
(Docket No. 21, p. 3). Simply put, Plaintiff may not circumvent
the claims procedure provided by ERISA, see 29 U.S.C. § 1133 and
29 CFR § 2560.503-1, by inventing his own.

**CIVIL NO.** 12-1123(JAG)                                                        7

Defendants   contend   that   the   Plan   is   subject   to   the
provisions of the Employment Retirement Income Security Act of
1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Plaintiff does not
raise any objection to this characterization.[5] After assessing
the pleadings, as well as the documents submitted by Defendants,
the  Court  finds  that  the  Plan  in  question  is  subject  to  the
provisions of ERISA.

The Supreme Court has clarified that an ERISA plan exists
only if an employer has "some minimal, ongoing 'administrative'
scheme or practice." See District of Columbia v. Greater Wash.
Bd. of Trade, 506 U.S. 125, 130 n. 2 (1992) (citing Fort Halifax
Packing Co. v. Coyne, 482 U.S. 1, 12 (1987)); see also O'Connor
v.   Commonwealth   Gas   Co.,   251   F.3d   262   (1st   Cir.
2001)(illustrating factors applicable to the inquiry whether a
given  program  falls  under  ERISA).  We  find  the  applicable
standard easily met here. The Plan itself expressly mentions
ERISA,   and   provides   participants   with   a   "summary   plan
description" of the important features of the retirement plan,

---

[5] Indeed, Plaintiff appears to be under the impression that Co-
Defendant's Motion to Dismiss is a faulty responsive pleading
under FED. R. CIV. P. 12(f) and 8(b). (See Docket No. 18).
Plaintiff is mistaken. While Plaintiff's misconstruction of the
applicable rules is no doubt due to his *pro se* status, the Court
points again to Eagle Eye Fishing, 20 F.3d 503, and related
cases, for the proposition that while *pro se* plaintiffs are
given certain leeway with their filings, they are *not* excused
from compliance with the procedural rules of this Court.

as required by that statute. The Plan is a complex document consisting of seventeen articles spread across 113 pages. Six of these pages are dedicated to a section titled "Administration." (See Docket No. 17, attachments 2-4). Thus, and in the absence of any meaningful opposition from Plaintiff, the Court finds that Delta's Plan has enough substance to engage the provisions of ERISA.

In the context of employee benefit plans, ERISA's civil enforcement provision completely preempts state laws that do not regulate insurance, banking, or securities. See 29 U.S.C. § 1144; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 and 66-67 (1987). The Supreme Court has stated that ERISA's "pre-emptive force is so powerful as to displace *entirely any* state cause of action." Rodriguez v. MCS Life Ins. Co., 283 F. Supp. 2d 459, 467 (D.P.R. 2003)(citing Franchise Tax Bd. v. Construction Laborers Vac. Trust, 463 U.S. 1, 23 (1983)). Thus, any potential state-law claims embedded in the complaint are completely pre-empted by ERISA. Plaintiff does not oppose this conclusion. See Footnote 4, *supra*.

Plaintiff's federal claims under ERISA, if any, also fail because he has failed to plead that he exhausted the Plan's dispute resolution procedures prior to filing suit in this Court. ERISA requires employee benefit plans to "provide any

participant whose claim for benefits is denied with an opportunity for review by the fiduciary denying the claim." Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 825 (1st Cir. 1988) (citing 29 U.S.C. § 1133(2)). Exhaustion "is *required* for claims which are purely contractual," such as Plaintiff's claim for past-due benefits. Id. (emphasis added). Since the complaint does not plead that Plaintiff exhausted *any* dispute resolution procedure at all,[6] this Court is without jurisdiction to hear his claims.

## CONCLUSION

In light of the above, the Court **GRANTS** Co-Defendant's Motion to Dismiss. Judgment shall be entered accordingly.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of October, 2012.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[6] See e.g. Docket No. 17-3 at p. 27-29, corresponding to the Plan's "Claims Procedure." The Court notes that the plan itself expressly states that the remedies described in that section "must be exhausted before any legal action on a claim is filed." Id. at p. 29. That section also provides that "[n]o action at law […] to recover under this Plan shall be commenced later than one year from the date of the Administrative Committee's decision…" (Id.).