IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PETER CZEREMCHA,<br><br>**Plaintiff**<br><br>v.<br><br>DELTA AIRLINES INC., *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 12-1123(JAG) |

OPINION & ORDER

Garcia-Gregory, D.J.

On February 22, 2012, Plaintiff Peter Czeremcha ("Plaintiff") filed, *pro se*, a "Request for Entry of Default" against Defendants Delta Airlines Inc. ("Delta") and Richard H. Anderson, Delta's CEO (collectively "Defendants"). (Docket No. 1). Therein, Plaintiff attached an affidavit in which he outlined the reasons for which he believes default should be entered against Defendants. (Id.).

Defendants then moved the Court to order Plaintiff to file a more definite statement of his claim. (Docket No. 8). The Court granted this request, (Docket No. 11), and Plaintiff complied with the Court's order, (Docket No. 14). Defendants then moved to dismiss under FED. R. CIV. P. 12(b)(1) and (6), (Docket No. 17); Plaintiff responded, (Docket No. 19); and

Defendants replied, (Docket No. 21). For the reasons that follow, the Court **DENIES** Defendants' Rule 12(b)(6) motion, and **GRANTS** their request for dismissal under Rule 12(b)(1).

## DISCUSSION

Request for Entry of Default

Before addressing the pending Motion to Dismiss, the Court will first consider Plaintiff's request for default entry. Although Plaintiff is accorded some latitude given his *pro se* status, he is not excused from compliance with relevant procedural and substantive rules. Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); see also McKaskle v. Wiggins, 465 U.S. 168, 183-184 (1984)(explaining that courts need not "take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course").

The Court finds that Plaintiff's motion for default entry fails because it does not comply with the Rules that "govern the procedure in all civil actions and proceedings" in district courts. FED. R. CIV. P. 1. Plaintiff's opening move in this case was his "Request for Entry of Default" under FED. R. CIV. P. 55(a). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

12-1123(JAG)

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." <u>Id.</u> Plaintiff avers that Defendants failed to respond to several documents he sent regarding a debt Defendants allegedly owe to Plaintiff.[1] But the Rules do not allow a plaintiff to request entry of default on the basis of what amounts to an extrajudicial claim of debt.

The Rules of Civil Procedure contemplate only "one form of action – the civil action." FED. R. CIV. P. 2. Pursuant to FED. R. CIV. P. 3, a "civil action is commenced by filing a complaint with the court." Only after filing the complaint may summons be issued. <u>See</u> FED. R. CIV. P. 4(b). Rule 55(a), on which Plaintiff grounds his request for default, presumes that a civil action is pending before the Court, that the defendant in said action has been properly served with the complaint, and that the defendant has "failed to plead or otherwise defend" against that request for affirmative relief. But no such complaint had been filed

---

[1] Specifically, Plaintiff "relies upon the record, APPOSTILE NO. 30833; Certificate of Assent; Affidavit no. 45983 in support of Default with the Sum Certain amount of $121,475.84 […] and Perfected Security Agreement no. RE776507012US, Declaration by Affidavit, in Support, no. 45912 (herein: Contract) herein filed in this case…." (Docket No. 1 ¶ 2, copied *verbatim*). No matter how much legalese Plaintiff has managed to conjure up in these documents, the fact remains that these do not represent a proper complaint filed before this Court.

**CIVIL NO.** 12-1123(JAG)                                                         4

prior to the request for default entry. Accordingly, Plaintiff's request for entry of default is premature and therefore **DENIED.**

<u>The Motion to Dismiss</u>

Pursuant to this Court's order, Plaintiff filed a more definite statement of his claim, which the Court will construe as his first actual complaint. There, Plaintiff stated that he was a Delta employee for 16 years, and he retired in November of 1988. (<u>See</u> Docket No. 14, ¶ 4). Plaintiff claims he was a beneficiary to a pension plan which was supposed to pay $183.56 per month, starting on September 1, 1998. (<u>Id.</u>; <u>see also</u> <u>Id.</u> at ¶ 24). Plaintiff, however, did not start receiving those payments until July 1, 2003. (<u>Id.</u>). In short, Plaintiff's grievance is that Delta's retirement plan owes Plaintiff 58 months of benefit payments that have not been paid.

In an attempt to resolve his dispute, Plaintiff sent Delta various notices, creatively titled,[2] requiring Delta to answer his claims and counter them with "material fact of evidence that said pension checks were actually issued and mailed to plaintiff's mail location." (<u>Id.</u> at ¶ 4, copied *verbatim*). Defendants, however, did not respond. As a result, Plaintiff

---

[2] <u>E.g.</u>, "Notice of Dispute and conditional acceptance for Value"; "Notice of Fault and Default"; "Opportunity to Cure Default"; "self-executing Implied Contract"; "Security Agreement"; etc. (Docket No. 14, ¶ 4, copied *verbatim*).

contends that Defendants have, "by tacit agreement," fully acquiesced to pay $181,210.71 in damages and interest accrued (at a rate of 25% per year) for the alleged failure to satisfy the $10,646.48 in outstanding pension payments. (Docket No. 18 at p. 1, n.1).

Based on the above, Plaintiff brings two causes of action; one for negligence and the other for breach of contract. However, Plaintiff fails to specify under which federal or state law those claims are brought. Defendants argue that Plaintiff's claims should be dismissed because they relate to an ERISA plan. As such, Defendants posit that 1) any possible state-law claims are pre-empted; and 2) Plaintiff has not pled that he exhausted administrative remedies as required by that statute. The Court agrees.

From the pleadings, it is clear that Plaintiff's claims revolve around his dispute with Delta regarding his retirement benefits; more specifically, the monthly "pension payments" under Delta's retirement plan. (See Docket No. 14 at ¶ 24). This is corroborated by a copy of Delta's Retirement Plan (the "Plan") submitted by Defendants along with their Motion to Dismiss. (Docket No. 17, attachments 2-4).[3] As stated by

---

[3] Normally, materials outside the pleadings are not to be considered in assessing a motion to dismiss. Citing Gargano v.

Plaintiff, his failure to receive those pension checks is the "[o]rigin of the subject matter for this complaint." (Docket No. 14 at ¶ 4). The Plan submitted by Defendants contains, as one of the payment options, a "single life annuity option" that entitles beneficiaries to "monthly payments." (See Docket No. 17-4 at p. 12). The basic benefit formula describes the resulting payments from the Plan as a "monthly pension." (Id. at p. 7). Therefore, it is clear that Plaintiff's claims are grounded on Delta's Retirement Plan.[4]

---

Liberty Intern. Underwriters, Inc., 572 F.3d 45 (1st Cir. 2009), Defendants argue that since the documents attached "are referenced generally in the Complaint," they may be considered at this stage. (Docket No. 17 at n.4). Upon comparison of the complaint with the documents submitted by Co-Defendants, the Court finds that the complaint indeed makes substantial and general reference to Delta's retirement plans; moreover, the documents submitted are also arguably "central to [P]laintiff's claim." Gargano, 572 F.3d at 48 n. 1. Thus, the Court is satisfied that these may be considered at this juncture.

[4] Plaintiff denies that his claims are brought under Delta's retirement plans. (See Docket No. 18, p. 2 at n. 2). Instead, Plaintiff asserts he is owed the pension amounts under a "Security Agreement/Contract" created by Defendants' failure to respond to his demands. (Id.). This is absurd. As Defendants correctly note: "[n]othing in ERISA permits a party to 'create' a 'Security Agreement' by sending demands for pension benefits, interest and penalties and then 'asserting' that the failure to expressly respond to that creates a 'contract by silence.'" (Docket No. 21, p. 3). Simply put, Plaintiff may not circumvent the claims procedure provided by ERISA, see 29 U.S.C. § 1133 and 29 CFR § 2560.503-1, by inventing his own.

**CIVIL NO.** 12-1123(JAG)                                                          7

Defendants contend that the Plan is subject to the provisions of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"). Plaintiff does not raise any objection to this characterization.[5] After assessing the pleadings, as well as the documents submitted by Defendants, the Court finds that the Plan in question is subject to the provisions of ERISA.

The Supreme Court has clarified that an ERISA plan exists only if an employer has "some minimal, ongoing 'administrative' scheme or practice." See District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 130 n. 2 (1992) (citing Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12 (1987)); see also O'Connor v. Commonwealth Gas Co., 251 F.3d 262 (1st Cir. 2001)(illustrating factors applicable to the inquiry whether a given program falls under ERISA). We find the applicable standard easily met here. The Plan itself expressly mentions ERISA, and provides participants with a "summary plan description" of the important features of the retirement plan,

---

[5] Indeed, Plaintiff appears to be under the impression that Co-Defendant's Motion to Dismiss is a faulty responsive pleading under FED. R. CIV. P. 12(f) and 8(b). (See Docket No. 18). Plaintiff is mistaken. While Plaintiff's misconstruction of the applicable rules is no doubt due to his *pro se* status, the Court points again to Eagle Eye Fishing, 20 F.3d 503, and related cases, for the proposition that while *pro se* plaintiffs are given certain leeway with their filings, they are *not* excused from compliance with the procedural rules of this Court.

as required by that statute. The Plan is a complex document consisting of seventeen articles spread across 113 pages. Six of these pages are dedicated to a section titled "Administration." (See Docket No. 17, attachments 2-4). Thus, and in the absence of any meaningful opposition from Plaintiff, the Court finds that Delta's Plan has enough substance to engage the provisions of ERISA.

In the context of employee benefit plans, ERISA's civil enforcement provision completely preempts state laws that do not regulate insurance, banking, or securities. See 29 U.S.C. § 1144; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 and 66-67 (1987). The Supreme Court has stated that ERISA's "pre-emptive force is so powerful as to displace *entirely any* state cause of action." Rodriguez v. MCS Life Ins. Co., 283 F. Supp. 2d 459, 467 (D.P.R. 2003)(citing Franchise Tax Bd. v. Construction Laborers Vac. Trust, 463 U.S. 1, 23 (1983)). Thus, any potential state-law claims embedded in the complaint are completely pre-empted by ERISA. Plaintiff does not oppose this conclusion. See Footnote 4, *supra*.

Plaintiff's federal claims under ERISA, if any, also fail because he has failed to plead that he exhausted the Plan's dispute resolution procedures prior to filing suit in this Court. ERISA requires employee benefit plans to "provide any

participant whose claim for benefits is denied with an opportunity for review by the fiduciary denying the claim." Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 825 (1st Cir. 1988) (citing 29 U.S.C. § 1133(2)). Exhaustion "is *required* for claims which are purely contractual," such as Plaintiff's claim for past-due benefits. Id. (emphasis added). Since the complaint does not plead that Plaintiff exhausted *any* dispute resolution procedure at all,[6] this Court is without jurisdiction to hear his claims.

## CONCLUSION

In light of the above, the Court **GRANTS** Co-Defendant's Motion to Dismiss. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of October, 2012.

> s/ Jay A. Garcia-Gregory
> JAY A. GARCIA-GREGORY
> United States District Judge

---

[6] See e.g. Docket No. 17-3 at p. 27-29, corresponding to the Plan's "Claims Procedure." The Court notes that the plan itself expressly states that the remedies described in that section "must be exhausted before any legal action on a claim is filed." Id. at p. 29. That section also provides that "[n]o action at law […] to recover under this Plan shall be commenced later than one year from the date of the Administrative Committee's decision…" (Id.).